As announced in *Midstate Oil Company, Inc. v. Missouri Commission on Human Rights*, 679 S.W.2d 842, 845 (Mo. banc 1984), the pivotal issue in an unlawful discrimination case is whether the employer's challenged conduct was motivated by an invidious purpose or was based on a legitimate and rational consideration. The employee must establish by a preponderence of the evidence a prima facie case of discrimination. This is the first phase of the analyzing process. As spelled out in *Midstate*, the employee must, as relevant here, provide evidence she was handicapped and as such a member of a class protected by § 296.020.1.

There is just no substantial evidence in this record to underpin a conclusion of handicap. As in *Midstate*, the record here was sketchy and it was speculation on the Commission's part to find handicap. 679 S.W.2d at 847. The court agrees with the trial court's judgment of the Commission misapplying the law. Hodges' claim and testimony steadfastly denied her disability. This may account for the fact that she did not intervene in these proceedings. *Midstate, supra,* at 844 n. 2. Hodges chose to not seek medical treatment or even a second opinion. So, even if her blood pressure alone, or with obesity would amount to disability to be viewed in a light of the job, she, by ignoring the situation and taking no steps to treat and control her impairment cannot get the benefit of the handicap law.

The judgment of the circuit court, which reversed the Commission is affirmed.

All concur.

**MOVIE WORLD, INC. et al.,**
**Plaintiff-Respondent,**

v.

**James GOLDMAN, Defendant-Appellant.**

**No. 48918.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Aug. 27, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 3, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Jeanne Sathre, Clayton, Irwin M. Roitman, St. Louis, for defendant-appellant.

Nelson Rich, St. Louis, for plaintiff-respondent.

### ORDER

PER CURIAM

The trial court found that appellant had converted respondent corporations' computer system and awarded $1840.00 in actual damages and $9200.00 in punitive damages. The judgment is affirmed pursuant to Rule 84.16(b).

**MOVIE WORLD, INC.,**
**Plaintiff-Respondent,**

v.

**James GOLDMAN, Defendant-Appellant.**

**No. 48859.**

Missouri Court of Appeals,
Eastern District, Division One.

Oct. 22, 1985.